

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | CASE NO. 00-1859 |
| LAROCHE INDUSTRIES INC. | ) | CASE NO. 00-1860 |
| Tax I.D. No. 13-3341472 | ) | |
| | ) | |
| LAROCHE FORTIER INC., | ) | CHAPTER 11 |
| Tax I.D. No. 58-2124373 | ) | |
| | ) | JOINTLY ADMINISTERED |
| | ) | |
| Debtors. | ) | |
| | ) | |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. §§ 1129(a) AND (b) AND FED. R. BANKR. P. 3020 CONFIRMING SECOND AMENDED JOINT PLAN OF REORGANIZATION OF LAROCHE INDUSTRIES INC. AND LAROCHE FORTIER INC. DATED MARCH 29, 2001

WHEREAS, on March 29, 2001, LaRoche Industries Inc. ("LaRoche") and

LaRoche Fortier Inc. ("Fortier") (collectively, "Debtors"), filed their Second Amended

Joint Plan of Reorganization (as amended, the "Plan") dated March 29, 2001[1] and their

Disclosure Statement with Respect to Second Amended Joint Plan of Reorganization

dated March 29, 2001 (the "Disclosure Statement");

WHEREAS, on March 30, 2001, the Court entered an Order (the "Solicitation

Procedures Order") that, among other things, under Sections 105 and 1125(b) of the

Bankruptcy Code and Fed. R. Bankr. P. 3003, 3017, 3018 and 3020 (i) approved the

---

[1]    Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Plan. Any term used in the Plan or this Confirmation Order that is not defined in the Plan or this Confirmation Order, but that is used in the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330, as amended (the "Bankruptcy Code"), or the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

COPIES FURNISHED TO
THE PARTIES
Date: __AUG 2 3 2001__
Initials: _____

56105.1001

Disclosure Statement, and (ii) established certain deadlines and procedures with respect to confirmation of the Plan; and

WHEREAS, the Disclosure Statement and the Solicitation Procedures Order and, as to impaired classes of Claims entitled to vote to accept or reject the Plan as set forth in Article II of the Plan, a ballot ("Ballot"), were transmitted in accordance with Fed. R. Bankr. P. 3017(d) and the Solicitation Procedures Order, as set forth in the declaration of mailing of Katherine M. Logan of Logan & Company, Inc., dated April 18, 2001; and

WHEREAS, Debtors filed the affidavit of Arlene Moller, Principal Clerk of the Publisher of The New York Times, sworn to April 20, 2001, attesting to the fact that the Confirmation Hearing Notice was published and/or served in accordance with the Solicitation Procedures Order; and

WHEREAS, Debtors filed the declaration of Katherine M. Logan of Logan & Company. Inc., sworn to on July 10, 2001, attesting to and certifying (i) the method and results of the ballot and master ballot tabulation for the Classes of Claims voting to accept or reject the Plan and (ii) those Classes of Claims or Interests in which creditors or interest holders were entitled to, but did not, vote (the "Voting Report"); and

WHEREAS, the Voting Report, indicated that all classes entitled to vote on the Plan have accepted the Plan; and

WHEREAS, fourteen (14) objections or purported objections to confirmation of the Plan were timely filed and served (the "Objections"); and

WHEREAS, all of the Objections except the objection filed by Reliable Liquid Transport, Inc. have been withdrawn or resolved on the terms and conditions set forth in

- 2 -

stipulations filed with the Court and/or described on the record at the Confirmation Hearing; and

WHEREAS, on May 17, 2001, Debtors filed a memorandum of law in support of confirmation of the Plan and omnibus response to objections to confirmation (the "Confirmation Memorandum"); and

WHEREAS, the Confirmation Hearing was commenced on August 23, 2001;

NOW, THEREFORE, based upon the Court's review of the Voting Report, upon the testimony and other evidence adduced during the course of the Confirmation Hearing, upon the declarations and/or affidavits filed with the Court and upon the Confirmation Memorandum; and upon (i) all other evidence proffered or adduced at, memoranda and objections filed in connection with, and arguments of counsel made at, the Confirmation Hearing and (ii) the entire record of the Chapter 11 cases (the "Chapter 11 Cases"); and after due deliberation thereon; and good cause appearing therefor,

IT IS HEREBY FOUND AND DETERMINED THAT[2]

A.    Exclusive Jurisdiction; Venue; Core Proceeding (28 U.S.C. §§ 157(b)(2) and 1334(a)). This Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.    Judicial Notice. This Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court and/or its duly-appointed agent, including,

---

[2]    Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

- 3 -

without limitation, all pleadings and other documents filed, all orders entered, and all evidence and argument made, proffered or adduced at, the hearings held before the Court during the pendency of the Chapter 11 Cases.

C. Transmittal And Mailing Of Materials; Notice. All due, adequate and sufficient notice of the Disclosure Statement and the Plan and of the Confirmation Hearing, along with deadlines for voting on or filing objections to the Plan, has been given to all known holders of Claims and Interests substantially in accordance with the procedures set forth in the Solicitation Procedures Order. The Disclosure Statement, Plan, Ballots, Solicitation Procedures Order, and Confirmation Hearing Notice were transmitted and served in compliance with the Solicitation Procedures Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient. Adequate and sufficient notice of the Confirmation Hearing and the other bar dates and hearings described in the Solicitation Procedures Order was given in compliance with the Bankruptcy Rules and the Solicitation Procedures Order, and no other or further notice is or shall be required. Adequate and sufficient notice of the modifications to the Plan has been given and no other or further notice is or shall be required.

D. Burden Of Proof. Debtors, as proponents of the Plan, have the burden of proving the satisfaction of the elements of Sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence.

E. Plan Compliance With Bankruptcy Code (11 U.S.C. § 1129(a)(1)). The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying Section 1129(a)(1) of the Bankruptcy Code.

- 4 -

(a) Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)). In addition to Administrative Claims and Priority Tax Claims, which need not be designated, the Plan designates eight (8) Classes of Claims and Interests. The Claims and Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in each such Class. Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between holders of Claims or Interests. Thus, the Plan satisfies Sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(b) Specify Unimpaired Classes (11 U.S.C. § 1123(a)(2)). The Plan specifies that Class 1 Priority Claims and Class 2 Miscellaneous Secured Claims are not impaired under the Plan, thereby satisfying Section 1123(a)(2) of the Bankruptcy Code.

i. Specify Treatment Of Impaired Classes (11 U.S.C. § 1123(a)(3)). Article II of the Plan designates Class 3 Claims arising under the Pre-Petition Credit Agreement, Class 4 Convenience Class Unsecured Claims, Class 5 General Unsecured Claims, Class 6 Claims Notes, Class 7 Intercompany Claims, and Class 8 Old Common Stock Claims and Interests as impaired and specifies the treatment of Claims and Interests in those Classes, thereby satisfying Section 1123(a)(3) of the Bankruptcy Code.

ii. No Discrimination (11 U.S.C. § 1123(a)(4)). The Plan provides for the same treatment by Debtors for each Claim or Interest in each respective Class unless the holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying Section 1123(a)(4) of the Bankruptcy Code.

- 5 -

iii.     The classification and manner of satisfying all Claims and Interests under the Plan takes into consideration all contractual, legal and equitable subordination and turnover rights, whether arising under general principles of equitable subordination, section 510(c) of the Bankruptcy Code or otherwise, that a holder of a Claim or Interest or the Debtors may have against other Claim holders with respect to any distribution made pursuant to the Plan.

iv.     Implementation Of Plan (11 U.S.C. § 1123(a)(5)).     The Plan provides adequate and proper means for implementation of the Plan, thereby satisfying Section 1123(a)(5) of the Bankruptcy Code.

v.     Non-voting Equity Securities (11 U.S.C. § 1123(a)(6)). Pursuant to Section 4.2C of the Plan, Reorganized Company's Certificate of Incorporation, as filed with the Court on May 1, 2001, prohibits the issuance of non-voting equity securities, and complies in all respects with Section 1123(a)(6) of the Bankruptcy Code.

vi.     Selection Of Officers And Directors (11 U.S.C. § 1123(a)(7)).     Pursuant to Section 4.2D of the Plan, Mr. Charles L. Mears, Mr. Michel Rapoport, Mr. Joseph Ahearn, Mr. Peter J. Deutch, Mr. Lawrence Heller and Mr. Peter Schweinfurth have been selected to comprise the new board of directors of the Reorganized Company beginning on the Effective Date. The final director will be the Reorganized Company's CEO, who has not yet been identified. The manner of selection of the directors and officers of the Reorganized Company are consistent with the interests of creditors and with public policy, thereby satisfying Section 1123(a)(7) of the Bankruptcy Code.

WP3:672233.2                                                    56105.1001

vii.     Additional Plan Provisions (11 U.S.C. § 1123(b)).     The

Plan's provisions are appropriate in the best interests of the Debtors and their estates and

not inconsistent with the applicable provisions of the Bankruptcy Code, including

provisions for (i) the disposition of executory contracts and unexpired leases (Article III);

(ii) the Reorganized Company's retention of all Causes of Action Debtors had or had

power to assert immediately prior to the Effective Date (Section 8.2 of the Plan); and (iii)

releases of various persons, exculpation of various persons and entities with respect to

actions related to or taken in furtherance of the Chapter 11 Cases, and preliminary and

permanent injunctions against certain actions against Debtors, the Estates, and their

properties (Sections 8.4A, B, C and D of the Plan). Fed. R. Bankr. P. 3016(a). The Plan

is dated and identifies the entity submitting it, thereby satisfying Fed. R. Bankr. P.

3016(a).

F.     Debtors' Compliance With Bankruptcy Code (11 U.S.C. § 1129(a)(2)).

Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby

satisfying Section 1129(a)(2) of the Bankruptcy Code. Specifically:

(a)     Debtors are proper debtors under Section 109 of the Bankruptcy
Code and proper proponents of the Plan under Section 1121(a) of the Bankruptcy
Code.

(b)     Debtors have complied with applicable provisions of the
Bankruptcy Code, except as otherwise provided or permitted by orders of this
Court.

(c)     Debtors have complied with the applicable provisions of the
Bankruptcy Code, the Bankruptcy Rules, and the Solicitation Procedures Order in
transmitting the Plan, the Disclosure Statement, the Ballots, and related
documents and notices and in soliciting and tabulating votes on the Plan.

G.     Plan Proposed In Good Faith (11 U.S.C. § 1129(a)(3)).     Debtors have

proposed the Plan in good faith and not by any means forbidden by law, thereby

- 7 -

satisfying Section 1129(a)(3) of the Bankruptcy Code. In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Chapter 11 Cases and the formulation of the Plan. The Chapter 11 Cases were filed and the Plan was proposed, with the legitimate and honest purpose of maximizing the value of the Debtors' assets and expeditiously distributing the Common Stock and other consideration to Debtors' creditors and interest holders pursuant to a plan.

H. Payments For Services Or Costs And Expenses (11 U.S.C. § 1129(a)(4)). Any payment made or to be made by Debtors for services or for costs and expenses in or in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases requiring approval, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying Section 1129(a)(4) of the Bankruptcy Code.

I. Directors, Officers, And Insiders (11 U.S.C. § 1129(a)(5)). Debtors have complied with Section 1129(a)(5) of the Bankruptcy Code. Specifically, Debtors have disclosed each of the Directors that will serve as of the Effective Date, and that Mr. Michel Rapoport will serve as interim Chief Executive Officer of the Reorganized Company. Such appointments are consistent with the interests of creditors and with public policy.

J. No Rate Changes (11 U.S.C. § 1129(a)(6)). Debtors are not subject to any governmental regulatory commission with jurisdiction, after confirmation of the Plan, over the rates of the Debtors. Thus, Section 1129(a)(6) of the Bankruptcy Code is not applicable in the Chapter 11 Cases.

- 8 -

K.     Best Interests Of Creditors Test (11 U.S.C. § 1129(a)(7)).     The Plan

satisfies Section 1129(a)(7) of the Bankruptcy Code. The liquidation analysis set forth in

Exhibit B to the Disclosure Statement and other evidence proffered or adduced at the

Confirmation Hearing (a) are persuasive and credible, (b) have not been controverted by

other evidence or challenged in any of the Objections, and (c) establish that each holder

of a Claim or Interest in an impaired Class either (i) has accepted the Plan or (ii) will

receive or retain under the Plan, on account of such Claim or Interest, property of a value,

as of the Effective Date of the Plan, that is not less that the amount that it would receive if

Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date.

L.     Acceptance By Certain Classes (11 U.S.C. § 1129(a)(8)).     Class 1 Priority

Claims and Class 2 Miscellaneous Secured Claims are Unimpaired by the Plan. Under

Section 1126(f) of the Bankruptcy Code and/or the Solicitation Procedures Order, such

Claimholders and Interestholders are conclusively presumed to have accepted the Plan.

Class 3 Claims arising under the Pre-Petition Credit Agreement, Class 4 Convenience

Class Unsecured Claims, Class 5 General Unsecured Claims and Class 6 Claims Notes,

have voted to accept the Plan in accordance with Sections 1126(c) and (d) of the

Bankruptcy Code and/or have been deemed to accept the Plan in accordance with the

Solicitation Procedures Order and further orders of this Court. Class 7 Intercompany

Claims and Class 8 Old Common Stock Claims and Interests are not receiving a

distribution on account of such Interests and Claims under the Plan, their votes have not

been solicited and, therefore, are presumed to have rejected the Plan pursuant to Section

1126(g) of the Bankruptcy Code. Even though Section 1129(a)(8) of the Bankruptcy

Code has not been satisfied with respect to Classes 7 and 8, the Plan is confirmable

- 9 -

because it satisfies Section 1129(b) of the Bankruptcy Code with respect to those Classes. See paragraph R below.

M.      Treatment Of Administrative and Tax Claims (11 U.S.C. § 1129(a)(9)). The treatment of Administrative Claims and Priority Claims under Sections 2.1 and 2.3 of the Plan satisfies the requirements of Section 1129(a)(9)(A) and (B) of the Bankruptcy Code, and the treatment of Priority Tax Claims under Section 2.2 of the Plan satisfies the requirements of Section 1129(a)(9)(C) of the Bankruptcy Code.

N.      Acceptance By Impaired Class (11 U.S.C. § 1129(a)(10)). Class 3 Claims arising under the Pre-Petition Credit Agreement, Class 4 Convenience Class Unsecured Claims, Class 5 General Unsecured Claims and Class 6 Claims Notes are impaired classes of Claims that have voted to accept the Plan and, to Debtors' knowledge, they contain no "insiders," thus satisfying Section 1129(a)(10) of the Bankruptcy Code.

O.      Feasibility (11 U.S.C. § 1129(a)(11)). The Plan satisfies Section 1129(a)(11) of the Bankruptcy Code because confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of Debtors. Debtors will have adequate capital to meet their ongoing obligations, and will have adequate and qualified management. Thus, the Plan presents a workable scheme of organization and operation, and there is a reasonable probability that the provisions of the Plan will be performed. Accordingly, the Plan is found and determined to be feasible, thus satisfying the requirements of Section 1129(a)(11) of the Bankruptcy Code.

P.      Payment Of Fees (11 U.S.C. § 1129(a)(12)). All fees payable under 28 U.S.C. § 1930 have been paid or will be paid pursuant to Section 2.1 of the Plan, thereby satisfying Section 1129(a)(12) of the Bankruptcy Code.

- 10 -

        

Q.  Continuation Of Retiree Benefits (11 U.S.C. § 1129(a)(13)).  As Ordered by the Court on August __, 2001 (the ("1114 Order"), as of September 10, 2001 the Debtors shall not pay any further retiree benefits as defined in Section 1114 of the Bankruptcy Code.  As set forth in the 1114 Order, the Debtors shall provide a premium subsidy for Covered Persons (as defined in the 1114 Order incorporated herein and made a part hereof) electing COBRA Coverage (as defined in the 1114 Order) for the three (3) one year periods beginning on September 11, 2001.  Thus, Section 1129(a)(13) of the Bankruptcy Code is inapplicable to the Plan.

R.  Fair And Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b)).  Class 7 Intercompany Claims and Class 8 Old Common Stock Claims and Interests are impaired Classes of unsecured Claims and Interests that are deemed to have rejected the Plan pursuant to Section 1126(g) of the Bankruptcy Code (the "Rejecting Classes").  Debtors presented uncontroverted evidence at the Confirmation Hearing that the Plan does not discriminate unfairly and is fair and equitable with respect to each of the Rejecting Classes, as required by Section 1129(b)(1) of the Bankruptcy Code.  Thus, the Plan may be confirmed notwithstanding Debtors' failure to satisfy Section 1129(a)(8) of the Bankruptcy Code.

S.  Principal Purpose Of Plan (11 U.S.C. § 1129(d)).  The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933 (15 U.S.C. § 77e) and the Plan is in the best interests of Debtors' creditors.

T.  Good Faith Solicitation (11 U.S.C. § 1125(e)).  Debtors and their agents, accountants, business consultants, representatives, attorneys, and advisors, have solicited

- 11 -

votes on the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code and the exculpation, release and limitation of liability provisions set forth in Sections 8.3 and 8.4 of the Plan.

U.     Ballots. All procedures used to distribute solicitation materials to the applicable holders of Claims and to tabulate the Ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Court, and all other rules, laws, and regulations. The Ballots provided each impaired Creditor voting on the Plan the opportunity not to release Claims or Causes of Action of non-debtor persons.

V.     Adequate Assurance. No non-Debtor party to any of the Assumed Contracts has objected to assumption and/or assignment of its Assumed Contract pursuant to the Plan, except for objections that have been consensually resolved. Debtors have cured, or provided adequate assurance that Debtors will cure, defaults (if any) under or relating to each Assumed Contract that has not been listed on Exhibit B to the Notice of Filing of Schedule of Executory Contracts and Unexpired Leases To be Assumed and Rejected Pursuant to Debtors' Second Amended Joint Plan of Reorganization, which are being assumed by Debtors pursuant to the Plan (the "Assumed Contracts").

W.     Satisfaction Of Confirmation Requirements. The Plan satisfies the requirements for confirmation set forth in Section 1129 of the Bankruptcy Code.

X.     No further action required. No further action of this Court or the respective directors or shareholders of the Debtors or the Reorganized Company will be

- 12 -

required to authorize the Reorganized Company to enter into, execute and deliver, or adopt, as the case may, the documents necessary to implement the provisions of the Plan.

Y.    Retention Of Jurisdiction. The Court may properly retain jurisdiction over the matters set forth in Article VIII of the Plan and as contemplated herein.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1.    Confirmation. The Plan is approved and confirmed under Section 1129 of the Bankruptcy Code. The terms of the Plan and the exhibits thereto are incorporated by reference into and are an integral part of the Plan and this Confirmation Order. The Plan complies with all applicable provisions of the Bankruptcy Code and applicable Bankruptcy Rules relating to confirmation. Pursuant to Bankruptcy Rule 3020(e), the ten (10) day stay of this Order imposed thereby is waived and the Debtors are thereby authorized to consummate the Plan and the transactions contemplated thereby immediately upon the entry of the Order and upon the satisfaction of the conditions set forth in Article V of the Plan.

2.    Objections. All Objections to confirmation of the Plan that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits. All withdrawn objections are deemed withdrawn with prejudice.

3.    Provisions of Plan and Order Nonseverable and Mutually Dependent. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

4.    Plan Classification Controlling. The classification of Claims and Interests for purposes of the distributions to be made under the Plan shall be governed solely by the terms of the Plan. The classifications set forth on the Ballots tendered to or returned by

- 13 -

Debtors' creditors in connection with voting on the Plan (a) were set forth on the Ballots solely for purposes of voting to accept or reject the Plan, (b) do not necessarily represent, and in no event shall be deemed to modify or otherwise affect, the actual classification of such Claims or Interests under the Plan for distribution purposes, and (c) may not be relied upon by any creditor or interest holder as representing the actual classification of such Claims or Interests under the Plan for distribution purposes.

5.     Binding Effect. Pursuant to Section 1141 of the Bankruptcy Code, effective as of the Effective Date, but subject to consummation of the Plan, and except as expressly provided in the Plan or this Confirmation Order, the provisions of the Plan (including the exhibits to, and all documents and agreements executed pursuant to, the Plan) and the Confirmation Order shall be binding on (a) Debtors, (b) all holders of Claims against and Interests in any of Debtors, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (c) each Person acquiring property under the Plan, (d) any other party in interest, (e) any Person making an appearance in the Chapter 11 Cases, and (f) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

6.     Executory Contracts. All executory contracts or unexpired leases assumed by Debtors during the Chapter 11 Cases or under the Plan shall be assigned and transferred to, and remain in full force and effect for the benefit of, the Reorganized Company, notwithstanding any provision in such contract or lease (including those described in Sections 365(b)(2) and (f) of the Bankruptcy Code) that prohibits such assignment or transfer or that enables or requires termination of such contract or lease.

- 14 -

7. DIP Credit Agreement. On or prior to the Effective Date, the commitments under the DIP Credit Agreement shall terminate, all amounts owing under or in respect of the DIP Credit Agreement shall be paid in full in cash, and any outstanding letters of credit under and in connection with the DIP Credit Agreement shall have been paid or satisfied or the Debtors shall have provided cash collateral to the Agent in accordance with the terms of the DIP Credit Agreement. The Security Interests securing the DIP Credit Agreement, whether existing on the Petition Date or thereafter created or acquired, shall continue until the full satisfaction of all the obligations arising under the DIP Credit Agreement. Notwithstanding the entry of this Order, the DIP Credit Agreement and the documents and agreements entered into in connection therewith shall constitute and continue to constitute the legal, valid and binding obligations of the Reorganized Company enforceable against the Reorganized Company in accordance with their respective terms, until payment in full of all obligations arising thereunder. The DIP Approval Orders shall remain in full force and effect until the later of the Effective Date or the date all obligations arising under the DIP Credit Agreement and the DIP Approval Orders are paid in full.

8. On the Effective Date, except as otherwise provided for in the Plan, all the property of the Debtors' estates is vested in the Reorganized Company. Such transfers of property by Debtors (A) to Reorganized Company (1) are or shall be legal, valid, and effective transfers of property, (2) vest or shall vest the Reorganized Company with good title to such property free and clear of all liens, charges, Claims, encumbrances, or Interests, except as expressly provided in the Plan or Confirmation Order, (3) do not and shall not constitute avoidable transfers under the Bankruptcy Code or under applicable

- 15 -

nonbankruptcy law, and (4) do not and shall not subject Debtors to any liability by reason of such transfer under the Bankruptcy Code or under applicable nonbankruptcy law, including, without limitation, any laws affecting successor or transferee liability.

9.    The distribution of Common Stock to others in exchange for their Claims and rights is fair and for reasonably equivalent value.

10.    All Interests are terminated effective upon the Effective Date.

11.    The Common Stock and Series A Preferred Stock to be issued under the Plan in exchange for Claims against Debtors is exempt from registration under the Securities Act of 1933 and any state or local law requiring registration or licensing pursuant to, and to the extent provided by, Section 1145 of the Bankruptcy Code.

12.    Releases.  The releases, exculpation, and indemnification provisions contained in the Plan, including but not limited to those provided in Article VIII of the Plan are hereby authorized, approved, and binding on all persons and entities who may have had standing to assert such Claims or Causes of Action and who granted the releases.

13.    Injunctions.  From and after the Effective Date, all entities that have held, currently hold or may hold a Claim, demand, debt, right, Cause of Action or liability that is released pursuant to the Plan, including those that were voluntarily released pursuant to the Ballots distributed in connection with soliciting votes to accept or reject the Plan, are permanently enjoined from taking any of the following actions on account of such released Claims demands, debts, rights, Causes of Action or liabilities:

> (i)    commencing or continuing, in any manner or in any place, any action or other proceeding;

- 16 -

(ii)     enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order;

(iii)    creating, perfecting or enforcing any lien or encumbrance;

(iv)    asserting a setoff, right of subordination or recoupment of any kind against any debt, liability or obligation due to Debtors; and

(v)    commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan.

None of the Debtors, the Committee, the Pre-Petition Agent, the Pre-Petition Lenders, the DIP Agent, the DIP Lenders, nor any of their respective officers, directors, employees, members, agents, underwriters or investment bankers, nor any other professional Persons employed by any of them (collectively, the "Exculpated Persons"), shall have or incur any liability to any Persons for any act or omission made in good faith in connection with or in any manner relating to constituting, negotiating, implementing, confirming or consummating the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created in connection with the Plan, provided that nothing herein shall be deemed to release any Exculpated Person from any contractual obligations arising under any agreements executed in connection with the Plan. The Exculpated Persons shall have no liability to any Debtor, holder of a Claim, holder of an Interest, other party in interest in the Cases or any other Person for actions taken or not taken under the Plan, in connection herewith or with respect hereto, or arising out of their administration of the Plan or the property to be distributed under the Plan, in good faith, including, without limitation, failure to satisfy any condition or

- 17 -

          

conditions, or refusal to waive any condition or conditions, to the occurrence of the Effective Date, but excluding any contractual obligations arising under any agreements executed in connection with the Plan, and in all respects such Exculpated Persons shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.

Except as otherwise specifically provided in the Plan, from and after the Effective Date, all Persons who have held, hold, or may hold Claims against or Interests in Debtors are permanently enjoined from taking any of the following actions against any of Debtors, the Reorganized Company, or any of their property on account of such Claims or Interests:

     (i)     commencing or continuing, in any manner or in any place, any action or other proceeding;

     (ii)     enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order;

     (iii)     creating, perfecting or enforcing any lien or encumbrance;

     (iv)     asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to Debtors; and

     (v)     commencing or continuing, in any manner or in any place, any action that does not comply with or is inconsistent with the provisions of the Plan;

provided, however, that nothing contained in the Plan or this Confirmation Order shall preclude such persons from exercising their rights pursuant to and consistent with the terms of the Plan. All injunctions or stays, whether imposed by operation of law, or order of this Court, provided for in these Cases pursuant to Sections 105 and 362(a) of the Bankruptcy Code or otherwise that are in effect on the Confirmation Date shall remain in full force and effect until the Effective Date.

- 18 -

14. Rejected Contracts And Leases. Except as otherwise provided in the Plan, this Confirmation Order, or in any contract, instrument, release, or other agreement or document entered into in connection with the Plan, all of the executory contracts and unexpired leases to which any of Debtors is a party, to the extent such contracts or leases are executory contracts or unexpired leases, are hereby deemed assumed, effective as of the date of the Effective Date, except those contracts or leases (a) which previously (i) were assumed or rejected by Debtors or (ii) expired or terminated pursuant to their own terms during the pendency of the Chapter 11 Cases, or (b) which are listed on the schedule of Rejected Unexpired Leases and Executory Contracts filed with the Court on April 20, 2001 (the "Rejected Contracts"). If Debtors' rejection of an executory contract or unexpired lease pursuant to the Plan gives rise to a Claim by the non-Debtor party or parties to such contract or lease, such Claim shall be forever barred and shall not be enforceable against the applicable Debtor or their respective successors or properties unless a proof of Claim was filed and served on Debtors and their counsel within twenty (20) days after receipt of the Notice of Filing of Schedule of Executory Contracts and Unexpired Leases To be Assumed and Rejected Pursuant to Debtors' Second Amended Joint Plan of Reorganization filed with the Court on April 20, 2001.

15. Assumed Contracts And Leases. Debtors' assumption of the Assumed Contracts is hereby approved. The Assumed Contracts shall remain in full force and effect for the benefit of the assignee(s) thereof, notwithstanding any provision in such an Assumed Contract (including those described in Sections 365(b), (c), (e) and (f) of the Bankruptcy Code) or under applicable non-bankruptcy law that purports to (a) terminate, modify, or restrict, or permit a party other than the Debtor party to terminate, modify or

- 19 -

restrict, such contract or lease or the debtor party's rights thereunder, (b) create or impose, or permit a party other than the debtor party to create or impose, any additional duties, obligations, penalties, default rates of interest or payments (monetary and nonmonetary) upon the debtor party, as a result of (i) the filing of a petition for relief under Chapter 11 of the Bankruptcy Code by the debtor party or (ii) the debtor party's insolvency or financial condition at any time before its Chapter 11 case is closed, or (c) prohibit, condition, or restrict assignment or transfer of such contract or lease. Any objections to the proposed cure amounts set forth in the proposed Debtor's Schedule of Assumed Contracts filed pursuant to the provisions of the Plan not filed and served on Debtors and their counsel within twenty (20) days after the receipt of such schedule shall be forever barred. Any such party to an executory contract and receipt of such Schedule of Assumed Contracts by a party shall be bound by Debtors' proposed cure amount.

16. General Authorizations. Pursuant to Section 1142(b) of the Bankruptcy Code, (a) Debtors, their Officers and Directors and (b) all other necessary parties are authorized and empowered to (x) execute and deliver any instrument, agreement or document and (y) perform any act that is necessary, desirable, or required to comply with the terms and conditions of the Plan and consummation of the Plan, and are authorized and empowered, without limitation, to:

(a) take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, and other agreements or documents created in connection with the Plan; provided, however, that Debtors may make such additional changes to the Plan as Debtors deem necessary, without notice and a hearing under Section 1127(b) of the Bankruptcy Code or disclosure or resolicitation under Section 1127(c) of the Bankruptcy Code, as long as such changes do not adversely affect the rights of any nonconsenting party in interest; and

(b) take such steps as they deem necessary or desirable to prepare for and effect the consummation of the Plan in accordance with the Plan.

- 20 -

17. <u>Authorizations Under Delaware Law</u>. Debtors and the Reorganized Company are authorized, empowered, and directed pursuant to Section 303 of the Delaware General Corporation Law to take any and all actions necessary or desirable to implement the transactions contemplated by the Plan, this Confirmation Order, all without further corporate action or action of the directors or stockholders of Debtors or Reorganized Company, including but not limited to the dissolution of Fortier.

18. <u>Exemption From Certain Taxes</u>. Pursuant to Section 1146(c) of the Bankruptcy Code:

(a) the issuance, transfer, or exchange of any security, or the making, delivery, filing, or recording of any instrument of transfer under the Plan, shall not be taxed under any law imposing a recording tax, stamp tax, transfer tax, or similar tax;

(b) without limiting the generality of subparagraph (a) above, the making, delivery, filing, or recording at any time of any deed, bill of sale, mortgage, leasehold mortgage, deed of trust, leasehold deed of trust, memorandum of lease, notice of lease, assignment, leasehold assignment, security agreement, financing statement, or other instrument of absolute or collateral transfer required by, or deemed necessary or desirable by the parties to the Plan, including without limitation all such documentation executed in connection with the New Credit Agreement, and other agreements or instruments contemplated by or related thereto shall not be so taxed, and all recording and filing officers and clerks are hereby directed to accept for filing or recording, and to file or record immediately upon presentation thereof, the Mortgages without payment of any such taxes; and

(c) all filing or recording officers, wherever located and by whomever appointed, are hereby directed to comply with the foregoing and this Court specifically retains jurisdiction to enforce the foregoing direction, by contempt or otherwise.

19. <u>Bar Date For Administrative Claims</u>. Except as otherwise ordered by this Court, all holders of asserted Administrative Claims, except Professional Fee Claims and Claims for reimbursement of the expenses of members of the Creditors' Committee, not paid prior to the Confirmation Date must submit requests for payment of such

- 21 -

Administrative Claims on or before the 30th day after the Effective Date (the "Administrative Claims Bar Date") or forever be barred from doing so or from seeking to collect, enforce or recover on any Administrative Claim. All applications for final allowance of compensation and reimbursement of Professional Fees and expenses ("Final Fee Applications") pursuant to Sections 327, 328, 330, 331, or 1103 of the Bankruptcy Code for services rendered in connection with the Chapter 11 Cases prior to the Effective Date must be filed and served on the Reorganized Company, counsel for the Reorganized Company, and counsel for the Prepetition Agent no later than thirty (30) days after the Effective Date pursuant to Section 4.4A of the Plan. The notice of Effective Date to be delivered pursuant to Fed. R. Bankr. P. 3020(c) and 2002(f) shall set forth such date and constitute notice of the Administrative Claims Bar Date. Debtors, or the Reorganized Company, as the case may be, shall have thirty (30) days (or such longer period as may be allowed by order of this Court) following the Administrative Claims Bar Date to review and object to such Administrative Claims (including Final Fee Applications) before a hearing for determination of allowance of such Administrative Claims. From and after the Effective Date, the Reorganized Company may retain and compensate professionals without application to, or order of, this Court.

20. Resolution Of Claims. Except as otherwise ordered by this Court, any Claim other than an Administrative Claim that is not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Plan. Debtors or the Reorganized Company as the case may be, may (a) until one-hundred and twenty (120) days after the Effective Date (unless extended by order of this Court) file objections in this Court to the allowance of any Claims not heretofore objected to (whether or not a

- 22 -

proof of Claim has been filed) and/or (b) amend their schedules at any time before the Chapter 11 Cases are closed.

21.     Good Faith Compromise.  The provisions of the Plan constitute a good faith compromise and settlement of all Claims or controversies relating to the enforcement or termination of all Claims or controversies relating to the enforcement or termination of all contractual, legal and equitable subordination and turnover rights that a holder of a Claim or Interest or the Debtors may have with respect to any Allowed Claim or Interest, or any distribution to be made pursuant to the Plan on account of such Claim.  The compromise or settlement of all such Claims or controversies is approved under Bankruptcy Rule 9019 as being fair, equitable and reasonable and in the best interests of the Debtors, the Reorganized Company and the holders of Claims and Interests.

22.     Payment Of Fees.  All fees payable by Debtors under 28 U.S.C. § 1930 shall be paid on or before the Effective Date, and neither Debtors nor the Reorganized Company, shall thereafter be liable for the payment of any additional fees under 28 U.S.C. § 1930.

23.     Failure To Consummate Plan.  If consummation of the Plan as to either of Debtors does not occur, then, with respect to such Debtor(s), (a) the Plan and (b) any settlement or compromise embodied in the Plan (including the fixing or limiting to an amount certain any Claim or Class of Claims), assumption or rejection of executory contracts or leases affected by the Plan, and any document or agreement executed pursuant to the Plan, shall be null and void in all respects.  In such event, nothing contained in the Plan or this Confirmation Order, and no acts taken in preparation for consummation of the Plan, shall (i) constitute a waiver or release of any Claims by or

- 23 -

against, or any Interests in, such Debtor(s) or any other Person, (ii) prejudice in any manner the rights of such Debtor(s) or any other Person, (iii) constitute an admission of any sort by Debtors or any other Person, or (iv) be construed as a finding of fact or conclusion of law with respect thereto.

24. Discharge of Debtors. Pursuant to Section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in the Plan or in this Confirmation Order, the distributions and rights that are provided in the Plan shall be in complete satisfaction, discharge, and release, effective as of the Confirmation Date (but subject to the occurrence of the Effective Date), of Claims and Causes of Action, whether known or unknown, against, liabilities of, liens on, obligations of, rights against, and Interests in Debtors or any of their assets or properties, regardless of whether any property shall have been distributed or retained pursuant to the Plan on account of such Claims, rights, and Interests, including, but not limited to, demands and liabilities that arose before the Effective Date, any liability (including withdrawal liability) to the extent such Claims relate to services performed by employees of Debtors prior to the Petition Date and that arise from a termination of employment or a termination of any employee or retiree benefit program regardless of whether such termination occurred prior to or after the Confirmation Date, and all debts of the kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, in each case whether or not (i) a proof of Claim or Interest based upon such debt, right, or Interest is filed or deemed filed under Section 501 of the Bankruptcy Code, (ii) a Claim or Interest based upon such debt, right, or Interest is allowed under Section 502 of the Bankruptcy Code, or (iii) the holder of such a Claim, right, or Interest accepted the Plan. This Confirmation Order hereby constitutes a judicial

- 24 -

determination of the discharge of all liabilities of and Interests in Debtors as set forth above, subject to the Effective Date occurring.

25.    Subordination.    On and as of the Effective Date, all contractual, legal, equitable subordination and turnover rights that a holder of a Claim or Interest or the Debtors may have with respect to any distribution to be made pursuant to the Plan will be discharged and terminated, and all actions related to the enforcement of any subordination rights will be permanently enjoined. Distributions made pursuant to the Plan to holders of Allowed Claims will not be subject to payment to any beneficiary of such terminated subordination rights, or to levy, garnishment, attachment or other legal process by a beneficiary of such terminated subordination rights.

26.    Retention Of Jurisdiction.    Pursuant to Sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, this Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, among other things, jurisdiction over the matters set forth in Article VIII of the Plan.

27.    Notice Of Occurrence Of Effective Date.    On or before the tenth (10th) Business Day following the occurrence of the Effective Date, Debtors shall serve notice of entry of this Confirmation Order and occurrence of the Effective Date pursuant to Fed. R. Bankr. P. 2002(f)(7), 2002(k), and 3020(c) on all creditors, equity security holders, the United States Trustee and other parties in interest, by causing a notice (the "Notice of Effective Date"), to be delivered to such parties by first class mail, postage prepaid. Debtors are hereby authorized and directed to effect mailing of the Notice of Effective

- 25 -

Date to holders of public debt and equity securities in the manner set forth in the Solicitation Procedures Order; provided, however, that notice need not be given or served under the Bankruptcy Code, the Bankruptcy Rules, or this Confirmation Order to any Person to whom Debtors mailed a notice of the Confirmation Hearing, but received such notice returned marked "undeliverable as addressed," "moved - left no forwarding address" or "forwarding order expired," or similar reason, unless Debtors have been informed in writing by such Person of that Person's new address. The notice described herein is adequate under the particular circumstances and no other or further notice is necessary.

28.  Publication/Notice. Within ten (10) Business Days after the occurrence of the Effective Date, or as soon thereafter as is practical, the Reorganized Debtors shall cause to be published one time in The New York Times the Notice of Effective Date. The Reorganized Company may, but is not required to, publish in such other papers or publications as it deems appropriate.

29.  Environmental Issues. Nothing contained in this Order or in the Plan releases or nullifies any liability to a governmental entity under environmental statutes or regulations that any entity would otherwise be subject to as the owner or operator of the Reorganized Company's property after the Effective Date. Nothing in this Order or in the Plan discharges or releases any liability to a governmental entity under environmental statutes or regulations except to the extent allowed under Section 1141 of the Bankruptcy Code. Moreover, nothing contained in this Order or in Section 8.3 of the Plan shall exculpate the Exculpated Persons from and against any liability arising from the operation of the Reorganized Company's business after the occurrence of the Effective

- 26 -

Date with respect to any claim or cause of action that the EPA may have arising by virtue of any facts or transactions that arise or occur solely after the Effective Date to the extent that any such other Exculpated Persons are officers, employees, agents or directors of the Reorganized Company subsequent to the Effective Date.

30.     Headings.     The headings contained within this Order are used for the convenience of the parties and shall not alter or affect the meaning of the text of the Order.

31.     References To Plan Provisions.     The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

32.     Confirmation Order Controlling.     If there is any direct conflict between the Plan and this Confirmation Order, the terms of this Confirmation Order shall control.

33.     Notwithstanding any term or provision to the contrary contained in this Confirmation Order (including specifically paragraphs 13 and 24, hereof) or the Plan (including specifically Article VI, thereof) (i) the Order Under 11 U.S.C. §§ 105(a), 363, 365 and 1145(c) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002, 6004, 6006 and 9014 (A) Approving the Asset Purchase Agreement; (b) Authorizing the Sale of Certain Chlor-Alkali and Fluorocarbon Assets Free and Clear of any and all Liens, Claims, Interests and Encumbrances; (c) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith; (D) Authorizing Payment of Proceeds to the DIP Lenders and Pre-Petition Lenders in Accordance with the Financing Order; and (D) Exempting of Such Sale and

- 27 -

Assignment from Stamp or Similar Taxes (the "Sale Order") signed by the Bankruptcy Court on June 1, 2001 and entered into the record in the Chapter 11 cases shall remain in full force and effect, and (ii) the Sale Order, as well as the "Agreement" (as defined in, and approved by, the Sale Order) and all further documents executed in furtherance of the transactions contemplated by the Sale Order, shall expressly survive confirmation unimpaired, shall remain fully enforceable in all respects as to all Persons, and shall be binding on, and enforceable against, the Reorganized Company and KACC (as defined below).

34.     Notwithstanding any term or provision to the contrary contained in this Confirmation Order (including specifically paragraphs 13 and 24, hereof) or the Plan (including specifically Section 6.2 thereof), with regard to any debt or liability owed to the Debtors or the Reorganized Company or its subsidiaries (and the subrogees and assigns of each of the foregoing) arising from obligations existing on or before the Petition Date, any and all rights of setoff, compensation, subrogation and/or recoupment which now or hereafter exist in favor of Kaiser Aluminum & Chemical Corporation ("KACC") arising from obligations arising prior to the Petition Date, and the ability of KACC to enforce these rights, are expressly reserved, provided, however, that in no event shall KACC or the Debtors or Reorganized Company be entitled to assert any right of setoff, compensation, subrogation and/or recoupment for claims arising from obligations existing prior to the Petition Date against claims arising from obligations arising subsequent to the Petition Date.

35.     PBGC Claims.  In accordance with the Stipulation and Order Resolving Claims of the Pension Benefit Guaranty Corporation dated August 23, 2001 (the "PBGC

- 28 -

Stipulation"), Debtors shall pay the Pension Benefit Guaranty Corporation (the "PBGC"): (a) $100,000 on the Effective Date of the Plan, (b) $100,000 on the first anniversary of the Effective Date of the Plan, and (c) $100,000 on the second anniversary of the Effective Date of the Plan. In addition, in accordance with the PBGC Stipulation, the PBGC's Amended Proofs of Claim (as defined in the PBGC Stipulation) shall be deemed allowed as one pre-petition general non-priority unsecured Class 5 claim in the total amount of $12,600,000.00.

36. The Existence of the Committee. The Committee shall continue to exist after the Confirmation Date until the Effective Date with the same powers and authority and the same ability to retain professionals as it had prior to the Confirmation Date, and shall be dissolved on the Effective Date.

37. Substantial Consummation. "Substantial Consummation" of the Plan, as defined in 11 USC Section 1101(2), shall be deemed to occur on the completion of the transactions required by the Plan to be effective on the Effective Date.

38. Effectiveness of this Order. This Order shall be effective according to its terms upon its entry upon the docket.

Dated: Wilmington, Delaware
August *23*, 2001

JOHN C. AKARD
United States Bankruptcy Judge

- 29 -