# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Case No. 00-1859 |
| | ) | |
| LAROCHE INDUSTRIES INC. and | ) | Chapter 11 |
| LAROCHE FORTIER INC., | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## VERIFIED FINAL REPORT OF THE REORGANIZED DEBTORS

To the best of my knowledge, information, and belief, the following is a breakdown of the results in the above-captioned cases:

| TYPE OF PAYMENT | AMOUNT OF PAYMENT *(rounded to nearest dollar)* |
|---|---|
| **Chapter 11 Trustee's Compensation** *(Do not include fees paid to U.S. Trustee)* | $ N/A |
| **Attorney's Fees for Debtor-in-Possession:** | |
| Alston & Bird LLP | $2,504,586 |
| Young Conaway Stargat | $346,733 |
| **Attorney's Expenses for Debtor-in-Possession:** | |
| Alston & Bird LLP | $158,859 |
| Young Conaway Stargat | $155,222 |
| **Chapter 11 Trustee's expenses (non-operating)** | $ N/A |
| **Attorney(s) for Chapter 11 Trustee's expenses** | $ N/A |
| **Attorney's Fees for Official Committee of Unsecured Creditors:** | |
| Wachtell Lipton | $540,765 |
| Pachulski Stang | $54,288 |
| **Attorney's Expenses for Official Committee of Unsecured Creditors:** | |
| Wachtell Lipton | $45,821 |
| Pachulski Stang | $11,407 |
| **U.S. Trustee's Fees** | $104,500 |

**Other Fees or Expenses:**
*(Report only the out-of-pocket expenses of administration)*

Specify:
| | |
|---|---|
| Access Information Services | $8,447 |
| Accountemps | $12,866 |
| Arthur Andersen | $344,700 |
| Cournot, Assoc d'Avocats | $44,207 |
| Chanin Capital Partners | $847,568 |
| Davis Polk Wardwell | $2,323,215 |
| De Pardieu Brocas Maffei & Ley | $105,904 |
| Ernst & Young LLP | $605,250 |
| Hart Scott | $45,000 |
| Houthoff Buruma | $18,227 |
| Hunton & Williams | $62,190 |
| Logan & Company | $244,609 |
| Peabody & Arnold | $92,962 |
| Peter J. Solomon | $125,000 |
| Pilgrim Advisors | $511,390 |
| PriceWaterhouse Coopers | $1,384,487 |
| Richards, Layton & Finger | $29,375 |
| Rothschild | $1,303,275 |
| Title Associates | $49,848 |
| Wells Fargo Shareholder Services | $59,430 |

TOTAL PAYMENTS: $12,140,131

1. No trustee or examiner was appointed in these cases. Hence, no fees were incurred for a trustee or trustee's counsel.

2. On or before the date of the hearing on the Debtors' Motion for Final Decree Closing these Chapter 11 Cases, the above-captioned reorganized debtors (collectively, the "Debtors") will have paid all required fees due under 28 U.S.C. § 1930.

3. On March 30, 2001, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order approving the Disclosure Statement under Section 1125 of the Bankruptcy Code. On August 23, 2001, the Bankruptcy Court entered an order (the "Confirmation Order") confirming the Debtors' Chapter 11 Plan (as confirmed, the "Plan"). On September 28, 2001, the Plan became effective. The percentage dividends paid or to be paid to claimants are as follows:

| CLASS | TYPE OF CLAIM OR INTEREST | DISTRIBUTION [1] |
|---|---|---|
| 1 | Priority Claims | Paid in Full |
| 2 | Miscellaneous Secured Claims | Paid according to contractual right of holder |

| | | |
|---|---|---|
| 3 | Claims Arising Under Prepetition Credit Agreement | Class 3 shall receive (a) its pro rata share of (i) $10 million principal amount of Tranche A Senior Secured Term Notes (ii) $15 million principal amount of Tranche B Senior Secured Term Notes; (iii) 55,000 shares of convertible preferred stock and (iv) 55% of the common stock outstanding immediately after the effective date and (b) cash amount of all unpaid credit agreement fees and unpaid credit agreement expenses. |
| 4 | All of the unsecured claims of $15,000 or less unless reduced to $15,000 by election of holder thereof | Cash payment equal to 5% of the principal amount |
| 5 | General Unsecured Claims against Debtors not otherwise included in Class 4, 6, or 7. | Class 5 and Class 6 shall receive collectively 45% of the common stock of the company. Class 5 shall receive its pro rata share of 45% of common stock |
| 6 | Claims against Debtors arising under the Notes. | Class 5 and Class 6 shall receive collectively 45% of the common stock of the company. Class 6 shall receive its pro rata share of 45% of common stock |
| 7 | Intercompany Claims | Cancelled and holders thereof shall not be entitled to and shall not receive or retain any property or interest |

| | | |
|---|---|---|
| 8 | Claims and Interests arising from shares of Old Common Stock | Cancelled and holders thereof shall not be entitled to and shall not receive or retain any property or interest |

¹ The information in this table is intended only as a summary description of the Distributions required by the Plan. Any unintended conflict between this summary and the Plan itself should not be construed in any way to modify the terms of the Plan. Parties are referred to the Plan itself for detailed descriptions of the Distributions thereunder.

Dated: _____
    December 17, 2002

By: _____
Name:
Title: **G.B. CURRAN**
**LaRoche Industries, Inc.**
**Vice President & CFO**

Sworn to and subscribed before me
this 17th day of December, 2002

_____
Notary Public:

Mary Lee Lockhart
Notary Public, DeKalb County, Georgia
My Commission Expires August 10, 2004